UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ERNEST B. EADY )
 )
v. ) No. 3:05-CV-69
 )
JACK MORGAN, Warden )

**ORDER**

This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the Court upon the petitioner's motion for an enlargement of time to respond to the respondent's answer. [Doc. 9]. In considering the petitioner's motion, the Court has reviewed the record and has paid particular attention to the answer filed in this case. The answer contains most of the elements required by Rule 5 of the Habeas Corpus Rules: it states whether the petitioner has exhausted state remedies; identifies what transcripts or other records of state proceedings are in existence; and supplies the transcripts and other portions of the record, including the petitioner's briefs on appeal and the state court opinions. But, the answer goes further.

A large component of the answer [thirteen and one-half pages of the fifteen-page answer], seemingly, was designed to function as a motion for summary judgment. The answer was filed by the respondent's attorney, a Tennessee assistant attorney general, by means of the Court's electronic case filing system. It was designated by the filer as a "*Answer*/Response." Certainly, the title of the document did not bring to the Court's

attention the fact that the respondent was seeking summary judgment. And, apparently, the petitioner was confused by the nature of the document, since he supported his motion for extra time by explaining that the "[r]espondent's answer consisted of various denials with accompanying arguments of law and facts, which petitioner needs to respond to by way of Traverse."[1]

Motions for summary judgment have been filed in other § 2254 cases by the attorney general after the respondent was ordered to "file an answer or other pleading."[2] These prior motions for summary judgment were not incorporated in the answer.

The Court does not approve of a practice whereby a motion for summary judgment is engrafted onto an answer. Therefore, if the respondent wishes to file a motion for summary judgment, he is allowed twenty (20) days from the date on this order within which to do so. Any such a motion must be separate from the answer and it must be clearly identified as a motion.

Since the petitioner indicated that more time was necessary to respond to the "arguments of law and fact" made in the answer and since the "arguments of law and fact"

---

[1] An answer should respond to "the allegations of the petition." Rule 5, Habeas Corpus Rules. The Court can only surmise that the respondent intended the motion-for-summary-judgment component of his answer to serve also as his response to the allegations in the petition, since the answer-component did not do so.

[2] *See, e.g., Craigmire v. Carlton*, 3:00-cv-660 (Motion for Summary Judgment [Doc. 7], filed January 30, 2001); *Green v. Mills*, 3:01-cv-536 (Motion for Summary Judgment [Doc. 9], filed February 5, 2002); *Ray v. Douglas*, 3:02-cv-441 (Motion to Dismiss and for Summary Judgment [Doc. 5], filed October 4, 2002).

2

presented in the answer are not properly before the Court, the petitioner's motion for extra time to respond to those arguments by means of a traverse is **DENIED** as premature. [Doc. 9]. Though no traverse is called for under the Habeas Corpus Rules, and though it is clear that none is contemplated, *see* § 2254 Rule 5, Advisory Committee Note, the petitioner may renew his motion for extra time to file a traverse to the answer, if that is what he truly wants to file.

ENTER:

s/ Leon Jordan
United States District Judge