UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERNEST B. EADY | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-69 |
| | ) | *Jordan/Guyton* |
| JACK MORGAN, Warden | ) | |

## MEMORANDUM OPINION

I. **Introduction**

Ernest B. Eady, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his confinement under a state court judgment of conviction. In 1999, the petitioner was convicted of second degree murder by a jury in the Criminal Court for Knox County, Tennessee and was sentenced to twenty years imprisonment. The case is now before the Court on the respondent's motion for summary judgment, which is supported by a brief, and the petitioner's response in opposition. [Docs. 11-12, and 15]. The respondent has also submitted copies of the state court record. [Doc. 7].

II. **Standard of Review**

Summary judgment may be granted if there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court FINDS that this case is susceptible to a summary disposition.

III. **Facts**

The Tennessee Court of Criminal Appeals summarized the facts surrounding the challenged conviction in its opinion during the petitioner's post-conviction proceedings:

> On November 21, 1998, the petitioner went to Mr. C's Private Party Lodge. He arrived around 2:30 a.m. and was searched for weapons by the doorman. Around 3:30 a.m., the petitioner poured his drink onto the floor of the lodge, and the owner asked him to leave the premises. The petitioner "started" at him but was restrained by his friends. As the petitioner was escorted outside, he knocked over some tables and chairs and said, "I am going to get you" and "I am tired of you fucking with me." The petitioner returned to the lodge around 4:45 a.m. and attempted to reenter the lodge. At that time, there were approximately thirty to forty people inside the lodge and the parking lot was filled with cars. The doorman noticed that the petitioner was carrying a 9-millimeter handgun and told him that he could not reenter the lodge. The petitioner kept looking inside the lodge and asking, "Where is he at?" Eventually, the doorman managed to close the door, keeping the petitioner out of the lodge. Within minutes shots were fired at the lodge, one killing the victim, Robert Lee Fletcher. The petitioner was identified as the person who had fired into the lodge, and his vehicle was seen leaving the parking lot just after the shooting.

*Eady v. State*, No. E2002-03111-CCA-R3-PC, 2004 WL 587639, *1 (Tenn.Crim.App. Mar. 25, 2004, *perm. to app. denied* (Tenn. Oct. 11, 2004).

IV. **Discussion**

In his application for a writ of habeas corpus, the petitioner asserts, as grounds for relief, that the convicting evidence was insufficient and that his attorney provided ineffective assistance. The respondent's position is that, under the "adjudicated claims" standards of review in 28 U.S.C. § 2254, the petitioner is not entitled to any relief from the

2

resulting state court decision.

Since both claims were decided by Tennessee courts–the first one on direct review and the second during the petitioner's post-conviction proceedings, the claims have been exhausted as required in 28 U.S.C. § 2254(b)(1). They will be addressed in turn.

**A. Insufficient evidence**.

In this claim, the petitioner alleges that he was denied due process because the evidence was insufficient to convict him of second-degree murder. More specifically, he contends that the state failed to prove, beyond a reasonable doubt, two essential components of this offense: 1) that *he* was the perpetrator and 2) that the murder was a "knowing" act.

The rule which applies to a claim of insufficient evidence is contained in *Jackson v. Virginia*, 443 U.S. 307 (1979), *see Gall v. Parker,* 231 F.3rd 265, 287-88 (6th Cir. 2000), which holds that evidence, when viewed in the light most favorable to the prosecution, is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319. The petitioner acknowledges that the state court correctly identified *Jackson* as the source of the relevant legal precedent, but contends that the state court unreasonably applied *Jackson* to his case.

1. *Identity Issue*: The petitioner first contends that the prosecution failed to prove, beyond a reasonable doubt, the identity of the perpetrator.[1] In reviewing the merits

---

[1] The petitioner appears to concede the issue by stating, in his response to the summary judgment motion, that he "does not deny that the evidence clearly establishes him as the shooter." [Doc. 15 at 13].

3

of this claim, the Tennessee Court of Criminal Appeals outlined the proof in the record. This included evidence that the defendant was expelled from the lodge for unruly behavior; that, after threatening the owner, the defendant left but returned with a gun, which looked like a .9 millimeter; that he was refused entry; that, afterwards, the lodge door was closed and locked; that seconds later, shots were fired into the building; that a witness saw a black male[2] fire several times into the front of the lodge—once from the street before he got into a car; that, minutes later, the defendant's car was observed leaving the scene; that a bullet hole was found in the wooden sign covering a front window; that the path of travel from the victim's body to the hole was consistent with the location in the street where a .9 millimeter shell casing was found; and that, after the murder, the defendant had stated to a relative of the victim, "I didn't mean to do that to your cousin." The state court, employing the *Jackson* standard, concluded that a rational jury could have found beyond a reasonable doubt that this evidence established the identity of the defendant as the person who had shot the victim.[3]

       2. *Mens Rae Issue*: The petitioner contends that the state also failed to prove, beyond a reasonable doubt, that he acted with the requisite mental state, i.e., that the murder was a "knowing" act. It is the petitioner's theory that the evidence showed that a stray bullet had killed the victim, who was a friend of his, and that, while the proof is adequate to show

---

   [2] The petitioner is black.

   [3] In his response to the summary judgment motion, the petitioner appears to concede the identity issue by stating that he "does not deny that the evidence clearly establishes him as the shooter." [Doc. 15 at 13].

that he acted recklessly by firing shots at the front of the lodge so as to support a conviction for reckless homicide, it is inadequate to show that he acted knowingly, so as to sustain a conviction for second degree murder.

At the time the petitioner was convicted, second degree murder required "a *knowing* killing of another," *see* Tenn. Code Ann. § 39-13-210(a)(1); a person acted knowingly if he was aware that his conduct was reasonably certain to cause the result. *See* Tenn. Code Ann. § 39-11-302(b). Thus, to be convicted of second degree murder, the petitioner must have been aware that his conduct was reasonably certain to cause death.

In addressing this issue, the Tennessee Court of Criminal Appeals, referring to the *Jackson* standard and to the applicable state law governing homicides, detailed the proof adduced at trial concerning the petitioner's mental state. The state trial record included evidence that, prior to the night of the shooting, the petitioner had made several visits to the lodge, which had a front window covered with a particle board sign and that, when the petitioner first arrived the evening in question, the lodge had been crowded or fairly crowded with some thirty-five to forty people inside. The record also contained a photograph depicting the inside of the lodge with eight people present and testimony by the officer who took the photograph that the lodge would have been crowded if thirty-five to forty people had been inside. After reviewing this evidence, the state appellate court concluded that a reasonable jury could have determined, beyond a reasonable doubt, that the petitioner was aware that his conduct was reasonably certain to cause death and, thus, that he had knowingly killed the

5

victim.

A district court may not grant a writ of habeas corpus for any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). In view of all the proof in the record pointing to the petitioner as the perpetrator (to the extent this remains an issue, given the petitioner's concession on this point) and indicating that petitioner was cognizant that shooting into a lodge crowded with people was reasonably certain to cause death, the state court's resolution of this claim was not an unreasonable application of the *Jackson* standard nor based on an unreasonable determination of the facts. Since the petitioner's claim of insufficiency of the evidence does not pass either of § 2254(d)'s tests, it will be dismissed.

**A. Ineffective assistance**.

In this claim, the petitioner alleges that his attorney gave him ineffective assistance, at trial and on appeal, by failing to challenge erroneous jury instructions regarding the legal definition of the term "knowingly." More specifically, the petitioner contends that his jury was improperly instructed that "knowingly" meant both an awareness of the nature of the forbidden conduct and an awareness of the consequences of the conduct[4]

---

[4] The mens rea elements of crimes vary according to the type of offense. *State v. Ducker,* 27
(continued...)

6

The relevant legal rule governing a claim of ineffective assistance is found in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish such a claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Id.*, at 687. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id.*, at 694. To demonstrate deficient performance, a petitioner must show that his counsel's representation fell below an objective standard of reasonableness on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 688, 693-94. To show prejudice, a petitioner must demonstrate that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different *Id.* at 694. A finding of no "deficient performance" provides an adequate ground for rejecting an ineffective assistance of counsel claim, even if prejudice is assumed. *Id.*, at 687.

The petitioner was granted post-conviction relief with respect to this claim by the trial court. However, applying the *Strickland* standard, the Tennessee Court of Criminal Appeals reversed the decision of the trial court. The appellate court discussed counsel's claimed error in great detail and concluded that there was no deficient performance with

---

[4](...continued)
S.W.3d 889 (Tenn. 2000). Some crimes with a "knowing" mens rea have a result-of-the-conduct element, which delineates the offense in terms of its consequences to someone, i.e., knowingly killing a person, while others contain a nature-of-the-conduct element, which defines the offense in terms of the nature of the forbidden conduct, i.e., knowingly selling drugs. Second degree murder, which has a "knowing" mens rea, must be based on the result-of-the-conduct definition, not on a nature-of-the-conduct definition. *See State v. Page*, 81 S.W. 3d 781 (Tenn. Crim. App. 2002). The petitioner's jury was given both definitions. [Addendum 1 at 277].

regard to counsel's failure to challenge the jury instructions. It reached this conclusion after finding that the correct instruction for "knowingly" was unclear at the time of the appeal; that the issue was settled only after the completion of the petitioner's direct appeal; that the record contained no proof "that any defense attorneys did what the petitioner argues that his attorney was deficient for not doing;" and that, even if it was arguable that the petitioner's attorney might have anticipated a change in the law regarding jury instructions with respect to intent,[5] the failure so to do did not fall "outside the wide range of professionally competent assistance." *Eady v. State*, 2004 WL 587639, *8. It then rejected the petitioner's ineffective-assistance claim.

The petitioner will be entitled to habeas corpus relief if the Tennessee Court of Criminal Appeals' determination that he was not denied his constitutional right to effective assistance of counsel is contrary to, or an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. It was none of these things. *See Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir.1999) (" 'Only in a rare case' will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection that would have been overruled under the then-prevailing law.") (citing *Brunson v. Higgins*, 708 F.2d 1353, 1356 (8th Cir.1983) (stating that "[t]he failure to anticipate a change in the law will not generally constitute ineffective assistance of counsel")). Accordingly, the writ

---

[5] The petitioner's direct review was completed September 18, 2001—ninety days after the state supreme court denied permission to appeal during which petitioner could have sought review in the United States Supreme Court. *Page*, which established the proper instructions for the "knowingly" component of second degree, was decided on April 16, 2002.

will not issue with respect to this claim.

V. **Conclusion**

For the reasons discussed above, the respondent's motion for summary judgment will be **GRANTED** and this case will be **DISMISSED**.

One final matter remains for discussion: whether to issue a certificate of appealability (COA) should the petitioner file a notice of appeal. See 28 U.S.C. § 2253(c)(1). Issuance of a COA depends entirely upon whether the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has individually assessed the petitioner's claims under the relevant standards and finds that they do not deserve to proceed further because they have no viability in light of the governing law and jurists of reason would not conclude the disposition of those claims was debatable or wrong. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

ENTER:

    s/ Leon Jordan
United States District Judge